**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JALINSKI ADVISORY GROUP, INC. and WEALTH QUARTERBACK LLC, | Civil Action No. 19-1914 |
| Plaintiffs, | |
| v. | **SECOND AMENDED COMPLAINT** **(JURY TRIAL DEMANDED)** |
| JBL FINANCIAL SERVICES, INC., | |
| Defendant. | |

Plaintiffs Jalinski Advisory Group, Inc. ("JAG") and Wealth Quarterback LLC ("Wealth Quarterback") (collectively, "Plaintiffs'), for a Second Amended Complaint against defendant JBL Financial Services, Inc. ("JBL"), allege as follows:

<u>Nature of Action and Relief Sought</u>

1.      All of the claims herein arise out of and are based on JBL's infringement of JAG's trademark rights, which JBL is now well of aware of but chooses to disregard.

2.      JAG owns the registered trademarks "The Financial Quarterback" and "Financial Quarterback" (collectively the "Financial Quarterback Trademark") under which it (a) offers financial advisory and investment management services, and (b) provides educational services in the field of financial and wealth management (the "Educational Services").  JAG provides these services through the following mediums, among others: (1) broadcasts via traditional "over-the air" radio stations, on-line-streaming through the Internet and podcasts, and regularly scheduled, weekly radio programs hosted by radio personality and financial expert Josh Jalinski ("Jalinski") (collectively, the "Radio Programs"); (2) seminars and other educational services for clients and

members of the public concerning financial and wealth management; and (3) television, film and other broadcast and public appearances by Jalinski as an educational and motivational speaker concerning financial and wealth management.  JAG additionally provides for the dissemination of news, information and education regarding personal finance and wealth/investment management.

3.      JBL has used JAG's Financial Quarterback Trademark and/or the confusingly similar "Retirement Coach" in offering (a) its own accounting, tax, business management, financial, financial management, financial planning, and financial advisory services to its clients and (b) education to clients through broadcast appearances, seminars and on-line videos, blogs, bulletins, e-books and alerts, public presentations to clients, and other public appearances, publications and presentations directed to potential clients and the general public, all in violation of federal and state law.

4.      JBL's unlawful conduct has caused and will continue to cause serious and irreparable harm to JAG and Wealth Quarterback.  Consumers are likely to be confused as to a perceived affiliation, connection, association, sponsorship, endorsement, approval or permission received from JAG and Wealth Quarterback and their Radio Programs that does not exist.  JBL's conduct is likely to diminish the distinctive and source-identifying quality of JAG's Financial Quarterback Trademark and to damage, erode and diminish its economic value, which JAG alone has the right to commercially exploit.

5.      JAG and Wealth Quarterback seek injunctive and monetary relief against JBL's acts of federal trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and related acts of trademark infringement, unfair competition, deceptive business practices and trademark dilution under Missouri law, including Mo. Rev. Stat. §§ 407.020 and 417.061.

**The Parties**

6.     Plaintiff JAG is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, NJ 08753.  JAG has also maintained locations at 111 Broadway, New York, NY 10006 and at 3379 Route 206, South Bordentown, NJ 08505, among others.

7.     Plaintiff Wealth Quarterback is a limited liability company organized and existing under the laws of Delaware with a principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, NJ 08753.  Plaintiff Wealth Management is part of an integrated organization that falls under the umbrella of JAG.

8.     Upon information and belief, defendant JBL is a corporation organized and existing under the laws of the State of Missouri, having a principal address and place of business at 7710 Carondelet Avenue, Suite 333, St. Louis, MO 63105.

**Jurisdiction and Venue**

9.     This Court has jurisdiction under Section 30 of the Lanham Act, 15 U.S.C. § 1221; under Sections 1331, 1338(a) and (b) and 1367(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a); under Sections 2201 and 2202 of the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; under Mo. Rev. Stat. §§ 407.020 and 417.061; and the common law of the State of Missouri.

10.     Upon information and belief, this Court has personal jurisdiction over defendant JBL based upon its contacts with this forum, including that it is domiciled here and regularly and intentionally does business here, as well as the fact that it committed acts giving rise to this lawsuit here.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## Facts Common to All Claims

I.      **Jalinski Advisory Group**

    A.      **JAG's Brand and Services**

12.     Since at least as early as 2006, JAG has continuously provided financial advisory and investment management services for its clients under the brand name "The Financial Quarterback."

13.     Since at least 2009, Jalinski, in his capacity as JAG's President and CEO, has hosted the "The Financial Quarterback" Radio Programs, which provide listeners with advice regarding personal finance and wealth/investment management and is broadcast in the New York and New Jersey area on 710 AM WOR, 770 AM WABC and 1160 AM WOBM.  The Radio Programs are also broadcast weekly in other major markets throughout the United States, additionally are available nationally and internationally on www.iheartradio.com and the iHeartRadio app.  More recently, Jalinski has made numerous and frequent public appearances on broadcast and cable television networks, such as CNBC and Fox Business News, in podcasts, and in seminars for actual and potential clients of JAG.

14.     JAG relies in part on The Radio Programs to advertise and promote the financial and investment management services provided by JAG.

    B.      **JAG's Wealth Quarterback Division**

15.     In February 2016, Josh Jalinski formed Wealth Quaterback as a division and affiliate of JAG to provide investment advisory services to individuals.

16.     Josh Jalinski is President and Chief Executive Officer of Wealth Quarterback.

17.     Wealth Quarterback has at all relevant times been an integral component, division and affiliate of JAG.

18.     Wealth Quarterback shares employees and office space with JAG.   Wealth

4

Quarterback and JAG also share the same phone number for clients.

19.     From 2016 to the present, Plaintiff Wealth Quarterback has provided investment advisory services as a commonly owned affiliate of JAG operating as a division under the JAG umbrella.

20.     Prior to the establishment of Wealth Quarterback in 2016, JAG had partnered wth outside broker dealers and investment advisors to provide these services.  Once Wealth Quarterback was formed, JAG could offer its clients insurance products through JAG and registered investment advisory services directly though Wealth Quarterback. Plaintiff Wealth Quarterback is paid from the proceeds of broker-dealer activities under the rubric of the JAG umbrealla organization.

21.     Since the formation of Wealth Quarterback, registered investment advisor activities of the enterprise generally flow through Wealth Quarterback while insurance products generally flow through JAG.

22.     Plaintiff Wealth Quarterback does business under JAG, and JAG does business under Wealth Quarterback.

23.     Licensed insurance agents with JAG are also representatives of Wealth Quarterback and, from time to time, will offer clients advice or products from those activities on a commission basis.

24.     Wealth Quarterback relies in part on The Radio Programs to advertise and promote the investment advisory services provided by Wealth Quarterback.


**C.     JAG's Asserted Trademark Rights**

25.     JAG is the owner of United States Trademark Registration Number 4722740, registered by the United States Patent and Trademark Office ("USPTO") on April 21, 2015, based on an application filed on July 31, 2014 at Serial Number 86353875, for the word mark "The Financial Quarterback" in international class 41 for "Educational services, namely, conducting seminars in the fields of business, finance, investment, money management and financial planning; Entertainment services, namely, personal appearances by a radio personality and financial expert; Educational services, namely, providing educational speakers and motivational speakers in the fields of business, finance, investment, money management and financial planning; Entertainment services, namely, live televised and movie appearances by a professional entertainer in the nature of a radio personality; Entertainment services, namely, providing an ongoing radio program in the fields of business, finance, investment, money management and financial planning" (the "Class 41 Trademark").   A true and accurate copy of the Certificate of Registration for the Class 41 Trademark is attached at Exhibit 1.

26.     JAG is the assignee and owner of United States Trademark Registration Number 3782665, registered by the USPTO on April 27, 2010, based on an application filed on June 4, 2009 at Serial Number 77752160, for the word mark "Financial Quarterback" in international class 36 for "Financial advice and consultancy services; Financial investment in the field of SECURITIES; Financial planning; Financial planning and investment advisory services; Financial planning for retirement; Financial services, namely, assisting others with the completion of financial transactions for stocks, bonds, securities and equities; Financial services, namely, providing an investment option available for variable annuity and variable life insurance products" (the "First Class 36 Trademark").   This First Class 36 Trademark has been acknowledged as incontestable pursuant to Section 15 of the Trademark Act, 15 U.S.C. §1065.  JAG is also the

owner of United States Trademark Registration Number 5346562, registered by the USPTO on November 28, 2017, based on an application filed on June 19, 2014 at Serial Number 86314778, for the word mark "The Financial Quarterback" in international class 36 for "Providing financial information in the fields of finance, investment, money management and financial planning; providing news, information and commentary in the field of financial investments and financial markets; financial services, namely, financial consultation and financial planning" (the "Second Class 36 Trademark") (the First Class 36 Trademark and Second Class 36 Trademark, collectively, the "Class 36 Trademarks").  A true and accurate copy of each Certificate of Registration for the Class 36 Trademarks is attached at Exhibit 2.

27.    JAG is the owner of United States Trademark Registration Number 5346563, registered by the USPTO on November 28, 2017, based on an application filed on June 24, 2014 at Serial Number 86318879, for the word mark "The Financial Quarterback" in international class 35 for "Connecting buyers and sellers of financial assets; matching borrowers and potential lenders in the field of consumer, business and mortgage lending; business advisory services, consultation and information; business management consulting; business strategic planning services" (the "Class 35 Trademark").  A true and accurate copy of the Certificate of Registration for the Class 35 Trademark is attached at Exhibit 3.

28.    Finally, JAG is the owner of United States Trademark Registration Number 5633102, registered by the USPTO on December 18, 2018, based on an application filed on June 24, 2014 at Serial Number 86318944, for the word mark "The Financial Quarterback" in international class 9 for "Downloadable electronic newsletters, magazines, reports, books and audio recordings in the field of financial analysis and financial forecasting concerning stocks, bonds, commodities, real estate, currencies and interest rates; Downloadable documents and audio

recordings in the fields of business and personal finance provided via e-mail; computer software for providing financial management, investment tracking, portfolio analysis, investment reporting, investment performance management, financial instrument trading and tracking, account reconciliation and accounting; pre-recorded audiotapes and compact discs featuring information on subjects of real estate, securities, financial planning, monetary affairs, investment banking, commodity investments and mutual fund investments" (the "Class 9 Trademark").  A true and accurate copy of the Certificate of Registration for the Class 9 Trademark is attached at Exhibit 4.

29.     By virtue of using the Financial Quarterback Trademark in commerce since at least as early as 2006, JAG has established and is the owner of common law trademark rights for the word mark "The Financial Quarterback."  JAG has established and owns such common law trademark rights as a result of its use of the mark nationwide.

30.     Since Wealth Quarterback is part of an integrated organization that falls under the umbrella of JAG, no written trademark license agreements between Plaintiffs are necessary.

31.     Wealth Quarterback uses the (4) trademarks pursuant to oral cross-licensing agreements made by Josh Jalinski, who runs and operates JAG and Wealth Quarterback as a division and affiliate of JAG.

## II.     Defendant JBL's Unauthorized Activities

32.     Upon information and belief, JBL renders business management, financial management, investment management, investment advisory, financial planning, and financial advisory services to its clients in interstate commerce, where Jalinski's Radio Programs are regularly available to listeners via over-the air broadcast radio stations, internet streaming, and otherwise.

33.     JBL has unlawfully repeatedly used the Financial Quarterback Trademark and/or

the confusingly similar "Retirement Coach" in offering financial and investment advisory services to its clients and prospective clients on JBL's website, in promotional materials and advertising, and in personal appearances and presentations to its actual and prospective clients.

34.     JBL has repeatedly used JAG's Financial Quarterback Trademark and/or the confusingly similar "Retirement Coach" to characterize, identify, and market the aforesaid financial and educational services.

35.     JBL's use of confusingly similar source indicators, such as "Retirement Coach," to characterize, identify, and market the aforesaid financial and educational services, has added to the likelihood of confusion.

36.     JBL is not related to or affiliated with JAG in any way and has not sought or received a license or authorization to use JAG's Financial Quarterback Trademark for any purpose whatsoever, including the acts described herein.

37.     JBL's infringement of JAG's Financial Quarterback Trademark unlawfully wrests from JAG control over its reputation and, upon information and belief, is unjustly enriching JBL.

38.     JBL's unauthorized acts as described herein have caused and will continue to cause irreparable damage to JAG and its business and goodwill unless restrained by this Court.

39.     Upon information and belief, and as evidenced by the facts and circumstances alleged above, since at least the service of the original Complaint JBL has intentionally and willfully violated JAG's trademark.

**COUNT I**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**
**(JAG's Class 41 Trademark)**

40.     Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference each of the foregoing allegations.

41.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" constitutes infringement of, and since at least the service of the original Complaint constitutes knowing, deliberate and willful infringement of, JAG's Class 41 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JBL and Plaintiffs, and/or as to Plaintiffs' sponsorship or approval of JBL's goods, services and/or commercial activities.

43.     Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

44.     As a result of JBL's infringement, Plaintiffs are entitled to injunctive relief and are also entitled to recover JBL's profits, Plaintiffs' non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**COUNT II**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**
**(JAG's Class 36 Trademarks)**

45.     Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference each of the foregoing allegations.

46.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" constitutes infringement of, and since at least the service of the original Complaint constitutes knowing, deliberate and willful infringement of, JAG's Class 36 Trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JBL and Plaintiffs, and/or as to Plaintiffs' sponsorship or approval of JBL's goods, services and/or commercial activities.

48.     Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

49.     As a result of JBL's infringement, Plaintiffs are entitled to injunctive relief and are also entitled to recover JBL's profits, Plaintiffs' non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**COUNT III**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**
**(JAG's Class 35 Trademark)**

50.     Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference each of the foregoing allegations.

51.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" constitutes infringement of, and since at least the service of the original Complaint constitutes knowing, deliberate and willful infringement of, JAG's Class 35 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

52.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JBL and JAG, and/or as to JAG's sponsorship or approval of JBL's goods, services and/or commercial activities.

53.     Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

54.     As a result of JBL's infringement, Plaintiffs are entitled to injunctive relief and are also entitled to recover JBL's profits, Plaintiffs' non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**COUNT IV**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**
**(JAG's Class 9 Trademark)**

55.     Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference each of the foregoing allegations.

56.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" constitutes infringement of, and since at least the service of the original Complaint constitutes knowing, deliberate and willful infringement of, JAG's Class 9 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

57.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach"  is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JBL and JAG, and/or as to JAG's sponsorship or approval of JBL's goods, services and/or commercial activities.

58.     Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

59.     As a result of JBL's infringement, Plaintiffs are entitled to injunctive relief and are also entitled to recover JBL's profits, Plaintiffs' non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**COUNT V**
**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 41 Trademark)**

60.     Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference

each of the foregoing allegations.

61.    JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.    JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JBL and JAG, and/or as to JAG's sponsorship or approval of JBL's goods, services and/or commercial activities.

63.    JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Financial Quarterback Trademark.

64.    Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

65.    As a result of JBL's infringement, Plaintiffs are entitled to injunctive relief and are also entitled to recover JBL's profits, Plaintiffs' non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT VI**
**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 36 Trademarks)**

66.    Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference each of the foregoing allegations.

67.    JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly

similar "Retirement Coach" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach"  is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JBL and Plaintiffs, and/or as to Plaintiffs' sponsorship or approval of JBL's goods, services and/or commercial activities.

69.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach"  has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Financial Quarterback Trademark.

70.     Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

71.     As a result of JBL's infringement, Plaintiffs are entitled to injunctive relief and are also entitled to recover JBL's profits, Plaintiffs' non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

<b>COUNT VII</b><br>
<b>Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 35 Trademark)</b>

72.     Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference each of the foregoing allegations.

73.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JBL and JAG, and/or as to JAG's sponsorship or approval of JBL's goods, services and/or commercial activities.

75.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach"  has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Financial Quarterback Trademark.

76.     Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

77.     As a result of JBL's infringement, Plaintiffs are entitled to injunctive relief and are also entitled to recover JBL's profits, Plaintiffs' non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT VIII**
**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 9 Trademark)**

78.     Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference each of the foregoing allegations.

79.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach"  is likely to cause confusion, cause mistake and/or deceive as to the

affiliation, connection or association between JBL and JAG, and/or as to JAG's sponsorship or approval of JBL's goods, services and/or commercial activities.

81.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Financial Quarterback Trademark.

82.     Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

83.     As a result of JBL's infringement, Plaintiffs are entitled to injunctive relief and are also entitled to recover JBL's profits, Plaintiffs' non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.


**COUNT IX**
**Common Law Trademark Infringement and Unfair Competition**

84.     Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference each of the foregoing allegations.

85.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" constitutes common law trademark infringement and unfair competition with JAG under the common law of the State of Missouri.

86.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach"  is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JBL and JAG, and/or as to JAG's sponsorship or approval of JBL's goods, services and/or commercial activities.

87.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Financial Quarterback Trademark.

88.     Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

89.     As a result of JBL's conduct, Plaintiffs are entitled to injunctive relief and are also entitled to recover JBL's profits, Plaintiffs' non-duplicative actual damages, enhanced damages, punitive damages, and costs and reasonable attorneys' fees.

**COUNT X**
**Unfair Trade Practices under Mo. Rev. Stat. § 407.020**

90.     Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference each of the foregoing allegations.

91.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" constitutes a violation of Mo. Rev. Stat. § 407.020.

92.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JBL and Plaintiffs, and/or as to Plaintiffs' sponsorship or approval of JBL's goods, services and/or commercial activities.

93.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach"  has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with

the Financial Quarterback Trademark.

94.     Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

95.     As a result of JBL's conduct, Plaintiffs are entitled to injunctive relief and are also entitled to recover actual damages, enhanced damages, punitive damages, and costs and reasonable attorneys' fees.

**COUNT XI**
**Dilution under Mo. Rev. Stat. § 417.061**

96.     Plaintiffs JAG and Wealth Quarterback repeat and incorporate herein by reference each of the foregoing allegations.

97.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" constitutes a violation of Mo. Rev. Stat. § 417.061.

98.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" is likely to dilute the trademark at least by eroding the public's identification of the trademark with Plaintiffs and by lessening the capacity of the trademark to identify and distinguish Plaintiffs' goods and/or services.

99.     JBL's use of JAG's "Financial Quarterback Trademark" and/or the confusingly similar "Retirement Coach" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Financial Quarterback Trademark.

100.    Upon information and belief, since at least the service of the original Complaint, JBL's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

101.    As a result of JBL's conduct, Plaintiffs are entitled to injunctive relief enjoining

JBL's conduct described above.

## Jury Demand

Plaintiffs demand a trial by jury.

## Relief Sought

WHEREFORE, Plaintiffs Jalinski Advisory Group, Inc. and Wealth Quarterback LLC respectfully pray for judgment against Defendant JBL Financial Services, Inc. as follows:

1. Judgment that JBL has:

 a. Infringed, and since the service of the original Complaint has willfully infringed, JAG's Class 41 Trademark, Class 36 Trademarks, Class 35 Trademark, and Class 9 Trademark in violation of § 1114 of Title 15 in the United States Code;

 b. Engaged in, and since the service of the original Complaint has willfully engaged in, unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

 c. Infringed, and since the service of the original Complaint has willfully infringed, JAG's Financial Quarterback Trademark and engaged in unfair competition in violation of the common law of Missouri;

 d. Committed, and since the service of the original Complaint has willfully committed, unfair trade practices in violation of Mo. Rev. Stat. § 407.020; and

 e. Diluted, and since the service of the original Complaint has willfully diluted, JAG's Financial Quarterback Trademark in violation of Mo. Rev. Stat. § 417.061.

2. An injunction prohibiting JBL and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, and unfair competition of JAG's Financial

Quarterback Trademark, including at least from selling, offering to sell, distributing or advertising goods and/or services using JAG's Financial Quarterback Trademark and/or colorable imitations thereof including but not limited to the confusingly similar "Retirement Coach";

3.      An order directing the destruction of all advertising materials related to goods and/or services marketed by JBL using JAG's "Financial Quarterback Trademark" and/or colorable imitations thereof including but not limited to the confusingly similar "Retirement Coach," including on the Internet;

4.      An award of JBL's non-duplicative profits, Plaintiffs' actual damages, enhanced profits and damages, punitive damages, and costs and reasonable attorneys' fees for JBL's trademark infringements and dilution, and acts of unfair competition and unfair business practices; and

5.      Such other and further relief as this Court deems just and proper.

DATED: _____, 20__          **BRYAN CAVE LEIGHTON PAISNER LLP**

By:    _____
       Nick E. Williamson
       nick.williamson@bclplaw.com
       One Metropolitan Square
       211 North Broadway, Suite 3600
       St. Louis, Missouri 63102
       Tel: (314) 259-2000
       Fax: (314) 259-2020


       **BARTON LLP**
       Maurice N. Ross
       711 Third Avenue, 14th Floor
       New York, NY 10017
       mross@bartonesq.com
       *Tel.:*  (212) 687-6262
       *Fax:*  (212) 687-3667

**ATTORNEYS FOR PLAINTIFFS**
**JALINSKI ADVISORY GROUP, INC.**
**AND WEALTH QUARTERBACK LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the ____th day of _____, 20__, the foregoing was filed electronically with the Clerk of Court to be served by operation of the court's electronic filing system on counsel of record for JBL Financial Services, Inc.  pursuant to E.D.Mo. L.R. 5 - 2.12.


_____
Nick E. Williamson